UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAVANZEL KERR AND<br>ERIC WILLIAMS | * | CIVIL ACTION NO.: 22-cv-1764 |
| *Plaintiffs* | * | |
| VERSUS | * | JUDGE: |
| ACE HOTEL NEW ORLEANS, LLC AND<br>ABC INSURANCE CO. | * | |
| *Defendants* | * | MAG. JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Ace Hotel New Orleans, LLC ("Ace Hotel"), hereby removes this action from the Civil District Court in and for Orleans Parish, Louisiana to the United States District Court for the Eastern District of Louisiana. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As grounds for the removal, Ace Hotel shows as follows:

## **I.  BACKGROUND**

1.

This action was commenced by Plaintiffs, Lavanzel Kerr ("Kerr") and Eric Williams ("Williams") (collectively, "Plaintiffs"), on February 17, 2022 through their filing of a Petition for Damages with the Orleans Parish Civil District Court, Docket No. 2022-01459, Section 6. *See generally* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Ace Hotel at Plaintiffs' Petition for Damages.

2.

In their Petition for Damages, Plaintiffs name Ace Hotel and ABC Insurance Company as defendants. *See id.* at Plaintiffs' Petition for Damages ¶¶ 14-15.

3.

As discussed more fully under Heading III below, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it was filed within thirty (30) days of May 23, 2022 when Ace Hotel first received a "paper from which it may first be ascertained that the case is one which is or has become removable" and within one (1) year after the commencement of the action. *See infra* Heading III.

4.

ABC Insurance Company is a fictitiously-named defendant and has not been properly joined and served at the time of the filing of this Notice of Removal; therefore, its consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

5.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the federal district court embracing Orleans Parish, Louisiana—the place where this action was pending in state court. *See* 28 U.S.C. § 98(a).

## II.  GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JUDISDICTION

6.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (A) there exists complete diversity of citizenship between Plaintiffs and Ace Hotel and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this action is properly removable under 28 U.S.C. § 1441.

**II(A).  COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFFS AND ACE HOTEL**

7.

Plaintiffs are both natural persons. For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). According to Plaintiffs' Petition for Damages, Lavanzel Kerr is "a Louisiana resident ... domiciled in the Parish of Jefferson, State of Louisiana" and Eric Williams is "a Louisiana resident ... domiciled in the Parish of Orleans, State of Louisiana." *See* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Ace Hotel at Plaintiffs' Petition for Damages ¶¶ 13-14. Thus, Plaintiffs are both citizens of the State of Louisiana for diversity purposes.

8.

Ace Hotel is an LLC. When evaluating the existence of complete diversity, "the citizenship of a LLC is determined by the citizenship of all of its members." *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Ace Hotel is Ace Group International, LLC. When an LLC has one or more members that are also LLCs, the citizenship of the member-LLC(s) must also be determined by looking to their members. *See id.* The members of Ace Group International, LLC include three natural persons and another LLC: Brad Wilson, Stefanos Economou, Kelly Sawdon, and Ecoplace, LLC. Brad Wilson and Stefanos Economou are domiciled in and citizens of the State of New York. Kelly Sawdon is domiciled in and a citizen of the State of California. The sole member of Ecoplace, LLC is GEF Trust. The citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee. *Navarro*

*Savings Assoc. v. Lee*, 446 U.S. 458, 461 (1980); *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 & n.6 (5th Cir. 2009) (citing *Navarro* for the proposition that the "citizenship of a trust is that of its trustee"). The sole trustee of GEF Trust is John Stratakis, a natural person who is domiciled in and a citizen of the State of New York. Thus, Ace Hotel is a citizen of the States of New York and California for diversity purposes.

9.

Besides Ace Hotel, the only other defendant, ABC Insurance Company, is a putative party sued under a fictitious name; therefore, its citizenship is to be disregarded for purposes of determining complete diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

10.

Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied with respect to all properly joined parties, because Plaintiffs are citizens of the State of Louisiana and Ace Hotel are citizens of the States of New York and California.

## II(B).  AMOUNT IN CONTROVERSY

11.

The Fifth Circuit has articulated a "clear analytical framework" for assessing 28 U.S.C. § 1332(a)'s amount in controversy requirement in cases removed from state court on the basis of diversity jurisdiction. *See Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848, 850 (5th Cir. 2000). Under that framework, the removing defendant must show "by a preponderance of the evidence" that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Felton v. Greyhound Lines, Inc*., 324 F.3d 771, 773-74 (5th Cir. 2003); *Loque v. Allstate Ins. Co*., 314 F.3d

776, 779 (5th Cir. 2002). In cases, like this, where the amount in controversy is <u>not</u> facially apparent from the initial pleadings, written discovery responses may be submitted to establish the required jurisdictional amount. *See* 28 U.S.C. § 1446(c)(3)(A).

12.

As more fully discussed in Section III below, the amount in controversy in this case was entirely unclear from the face of Plaintiffs' Petition for Damages. The facts of this case involve a fatal shooting that happened outside the Ace Hotel on Carondelet Street during the late night hours of December 4, 2021. *See* **Exhibit A**, Copies of All Process, Pleadings, and Orders Served on Ace Hotel at Plaintiffs' Petition for Damages ¶¶ 1-6, 18-60. Importantly, however, neither of the Plaintiffs was the one fatally shot. *See id.* Plaintiffs allege in their Petition for Damages that Ace Hotel valet Alton Williams ("Alton") threatened both of them and attacked Kerr outside the hotel, then Kerr shot and killed Alton in self-defense. *See id.* Regarding damages, the Petition for Damages contains generalized allegations that Kerr sustained a concussion during the altercation and that both Plaintiffs sustained mental anguish afterwards, but there are no details about the severity of those alleged conditions and no indication of what, if any, medical care Plaintiffs sought as a result. *See id.* In sum, Plaintiffs' Petition for Damages did not make it facially apparent that the amount in controversy in this case exceeds the jurisdictional minimum; therefore, Ace Hotel was precluded by Rule 11 from invoking this Court's diversity jurisdiction based on that initial pleading alone.

13.

The first time it became clear that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs was May 24, 2022 when Plaintiffs served their separate responses to Ace Hotel's First Sets of Requests for Admissions. *See* **Exhibit B**, Kerr's RFA Responses at

Responses to RFAs 23-24; **Exhibit C**, Williams' RFA Responses at Responses to RFAs 23-24. In particular, Kerr and Williams separately responded to Requests for Admission 23 and 24 by unequivocally denying that they are seeking less than $75,000 in damages and refusing to waive any damages awarded in excess of that amount:

### REQUEST FOR ADMISSION NO. 23:

Please admit that the total amount of the special damages and general damages which You seek to recover in this case does not exceed $75,000, exclusive of legal interest and costs.

### RESPONSE:

Denied.

### REQUEST FOR ADMISSION NO. 24:

If Your response to Requests for Admission No. 23 is an admission, please admit that You permanently waive and renounce all rights to recover any portion of any monetary judgment that may be rendered in the above-captioned case that exceeds $75,000.

### RESPONSE:

Denied.

*See id.* This Court and the other two federal district courts in Louisiana have found that a plaintiff's "failure to stipulate that the amount in controversy is below $75,000 is evidence that the amount in controversy is in excess of the requisite amount." *Broadway v. Wal-Mart Stores, Inc.*, CIV. A. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing Reid v. Delta Gas, Inc., 837 F. Supp. 751, 752-53 (M.D. La.1993)); *see also, e.g., Gainnoble v. Wal-Mart Stores, Inc.*, No. Civ. A. 97-1684, 1997 WL 403285, at *1-2 (E.D. La. July 16, 1997); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp.2d 522, 528-29 (W.D. La. 2012). Here, each of the Plaintiffs individually denied that his recoverable damages are less than $75,000, demonstrating that the total amount in

controversy is at least $150,000. The $75,000 threshold of 28 U.S.C. § 1332(a) is therefore satisfied in this case.

### III.  TIMELINESS OF REMOVAL

14.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b).  When a case is removable based solely on the allegations set forth in the initial pleading, a notice of removal must be filed within 30 days following the removing defendant's receipt of that pleading. 28 U.S.C. 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). However, removal cannot be based simply on conclusory, generalized, or non-specific allegations. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3); *see also Crockett*, 436 F.3d at 532. The removal statute specifically provides that written discovery responses containing information relating to the amount in controversy "shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

15.

As briefly noted above, this case was not removable at the time Ace Hotel was served with Plaintiffs' initial pleading, because it was not facially apparent from that pleading that the amount in controversy exceeded $75,000, exclusive of interest and costs. In their Petition for Damages, Plaintiffs vaguely allege that Kerr sustained a concussion and that both Plaintiffs sustained mental anguish as a result of the incident in question. **Exhibit A**, Copies of All Process, Pleadings, and

Orders Served on Ace Hotel at Plaintiff's Petition for Damages ¶¶ 54-56. However, the Petition for Damages does not specify the nature or severity of Kerr's alleged concussion, nor does it state the extent of Plaintiffs' alleged mental anguish. The Petition for Damages also contains no details about any medical or psychological treatment Plaintiffs have undergone, if they have undergone any treatment at all. In other words, "[t]he type of allegations made by the plaintiff[s] in the petition are fairly 'vanilla' and do not reveal what the extent of [their] injuries are." *Palmer v. Wal-Mart Stores, Inc.*, CIV.A. 95-1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996). It is practically impossible for a defendant to ascertain, or even approximate, the true amount in controversy based on such vague allegations alone. Thus, this Court has held that, under such circumstances, "[w]hen ... the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) ((quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000))). Accordingly, this case was not removable on the face of Plaintiffs' Petition for Damages.

16.

On May 24, 2022, Plaintiffs served separate written responses to Ace Hotel's First Sets of Requests for Admissions. *See* **Exhibit B**, Kerr's RFA Responses at Responses to RFAs 23-24; **Exhibit C**, Williams' RFA Responses at Responses to RFAs 23-24. The contents of those discovery responses revealed for the first time that each of the two Plaintiffs is independently seeking damages in excess of $75,000. *See id.* Thus, Plaintiffs' discovery responses were the first "other paper[s]" from which Ace Hotel could ascertain that the amount in controversy in this case is sufficient for jurisdiction to be appropriate under 28 U.S.C. § 1332(a). *See id.* This Notice of

Removal was filed less than 30 days after undersigned counsel for Ace Hotel was served with Plaintiffs' discovery responses on May 24, 2022. Accordingly, this Notice of Removal is timely under 28 U.S.C. 1446(b)(3).

## IV.  PROCEDURAL COMPLIANCE

17.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Ace Hotel are attached hereto as **Exhibit A**.

18.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal through their counsel of record, and a copy of this Notice of Removal is being filed with the Clerk of Court for Orleans Parish Civil District Court.

19.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

20.

By filing this Notice of Removal, Ace Hotel does not waive and hereby reserves all defenses and objections to Plaintiffs' Petition for Damages.

## V.  JURY DEMAND

21.

Ace Hotel hereby prays for a trial by jury on all claims asserted and issues raised in Plaintiffs' Petition for Damages and any subsequent supplemental and amended pleadings.

## VI. CONCLUSION

22.

Given the complete diversity of citizenship of the parties and the amount in controversy, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action is properly removed pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant, Ace Hotel New Orleans, LLC, respectfully requests that the United States District Court for the Eastern District of Louisiana assume full jurisdiction over this case and that all further proceedings in this action be conducted in the United States District Court for the Eastern District of Louisiana as provided by law.

Respectfully Submitted,

*/s/ Bradley J. Schwab*
KENNETH H. LABORDE (No. 8067)
BRADLEY J. SCHWAB (No. 35312)
ASHELEE J. SINGLETON (No. 40051)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
Email:      klaborde@glllaw.com
            bschwab@glllaw.com
            asingleton@glllaw.com
ATTORNEYS FOR ACE HOTEL
NEW ORLEANS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record via facsimile, electronic means, and/or U.S. Mail, postage prepaid and properly addressed, on June 8, 2022,

*/s/ Bradley J. Schwab*_____
BRADLEY J. SCHWAB
