# EXHIBIT A

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Christina E. Hassan
MORRIS MANNING & MARTIN, LLP
1401 I St NW Ste 600
Washington, DC 20005-2225

SOP Transmittal # **541280510**

Entity Served:   ACE HOTEL NEW ORLEANS LLC   (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of LOUISIANA on this 24 day of March, 2022. The following is a summary of the document(s) received:

1. **Title of Action:**  Re: LAVANZEL KERR AND ERIC WILLIAMS // To: ACE HOTEL NEW ORLEANS LLC
2. **Document(s) Served:**  Other: --
3. **Court of Jurisdiction/Case Number:** None Specified
Case # 202201459
4. **Amount Claimed, if any:**  N/A
5. **Method of Service:**

   _X_ Personally served by:     _X_ Process Server     ___ Law Enforcement     ___ Deputy Sheriff     ___ U. S Marshall

   ___ Delivered Via:     ___ Certified Mail     ___ Regular Mail     ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**  03/24/2022 08:40:00 AM CST
7. **Appearance/Answer Date:**  None Specified
8. **Received From:**  None Specified
9. **Carrier Airbill #**
10. **Call Made to:** Not required
11. **Special Comments:**

SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, Christina E. Hassan  chassan@mmmlaw.com

Email Notification, Meriem Soliman  MERIEM.SOLIMAN@ACEHOTEL.COM

Email Notification, Corinne Games  Corinne@corp-smart.com

**Registered Agent:** NATIONAL REGISTERED AGENTS, INC     **CopiesTo:**

888-579-0286 - Telephone
225-292-9404 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

ORIGINAL

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Christina E. Hassan
MORRIS MANNING & MARTIN, LLP
1401 I St NW Ste 600
Washington, DC 20005-2225

SOP Transmittal # 541280510

Entity Served: ACE HOTEL NEW ORLEANS LLC  (Domestic State: DELAWARE)

Transmitted by   Amy McLaren

ORIGINAL

| | |
|---|---|
| **ATTORNEY'S NAME:** | Shlosman, Thomas W 34086 |
| **AND ADDRESS:** | 4907 Magazine St., New Orleans, LA 70115 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2022-01459**     **DIVISION: L**     **SECTION: 06**

### KERR, LAVANZEL ET AL

#### Versus

### ACE HOTEL NEW ORLEANS, LLC ET AL

## CITATION

**TO:** ACE HOTEL NEW ORLEANS LLC
**THROUGH:** ITS REGISTERED AGENT: NATIONAL REGISTERED AGENTS, INC.
3867 PLAZA TOWER DR, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA February 18, 2022**

| | |
|---|---|
| Clerk's Office, Room 402, Civil Courts<br>421 Loyola Avenue<br>New Orleans, LA | CHELSEY RICHARD NAPOLEON, Clerk of<br>The Civil District Court<br>for the Parish of Orleans<br>State of LA<br>by _____<br>Kasie Jiles, Deputy Clerk |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON ACE HOTEL NEW ORLEANS LLC | ON ACE HOTEL NEW ORLEANS LLC |
| THROUGH: ITS REGISTERED AGENT: NATIONAL REGISTERED AGENTS, INC. | THROUGH: ITS REGISTERED AGENT: NATIONAL REGISTERED AGENTS, INC. |
| Returned the same day<br>_____ No. _____<br>Deputy Sheriff of _____<br>Mileage: $ _____<br>_____ / ENTERED / _____<br>_____ / _____ / _____<br>PAPER    RETURN<br>_____ / _____ / _____<br>SERIAL NO.    DEPUTY    PARISH | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **ACE HOTEL NEW ORLEANS LLC** being absent from the domicile at time of said service.<br>Returned the same day<br>_____ No. _____<br>Deputy Sheriff of _____ |

ID: 10865855        Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

    Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

2022-01459

L

Section 6

JURY

Case 2:22-cv-01764-NJB-MBN   Document 1-1   Filed 06/14/22   Page 6 of 19

FILED
2022 FEB 17  P 05:00
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO:                                                                DIVISION "    "

LAVANZEL KERR AND ERIC WILLIAMS

VERSUS

ACE HOTEL NEW ORLEANS LLC AND ABC INSURANCE CO.

FILED: _____         _____
                                                                    **DEPUTY CLERK**

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Lavanzel Kerr and Eric Williams, who submit this Petition for Damages, pursuant to Louisiana Code of Civil Procedure article 891 et seq., and respectfully aver as follows:

### SUMMARY OF ACTION

1.

On the evening of December 4, 2021, Plaintiffs arrived at the Ace Hotel, planning to potentially patronize the lounge area. They asked for and received permission from an Ace Hotel valet to briefly park their vehicles in front of the hotel without being charged while they stepped inside to assess whether they wanted to stay.

2.

Plaintiffs briefly visited the lounge area but decided that they did not wish to stay. They exited the building and returned to their vehicles. At that time, Alton Williams, a different Ace Hotel valet, approached Plaintiffs and demanded that they each pay him $30 in cash. Plaintiffs declined and told Alton Williams about their arrangement with the other valet.

3.

As Plaintiffs got in their vehicles, Alton Williams approached Mr. Kerr's door holding a handgun. Alton Williams pressed the gun to Mr. Kerr's head, demanded more money (now $50 from each Mr. Kerr and Mr. Williams), and threatened to shoot.

4.

Plaintiffs tried to de-escalate the situation and agreed to pay Alton Williams the money he demanded. Alton Williams continued to threaten to shoot Mr. Kerr and struck Mr. Kerr in the head with the firearm.

E-Filed

2022-01459

L

Section 6

Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 7 of 19

FILED
2022 FEB 17 P 05:00
CIVIL
DISTRICT COURT

5.

Then, Alton Williams pulled on the door handle of Mr. Kerr's vehicle, trying to open the door while continuing to point the gun at Mr. Kerr's head. Mr. Kerr was certain that Alton Williams would shoot him or further injure him by striking him again with the gun. So, Mr. Kerr armed himself with a firearm that his wife kept in the car and shot Alton Williams.

6.

Alton Williams fell to the ground. Plaintiffs both dialed 911, and Mr. Kerr tried to perform CPR on Alton Williams. Alton Williams died as a result of this event.

7.

Alton Williams' violent confrontation with the Plaintiffs did not come as a surprise to Alton Williams' supervisors at the Ace Hotel. The hotel was aware of at least two prior incidents where Alton Williams confronted parkers and demanded cash payments, even though the Ace's valet parking service is cashless. When the parkers refused to pay, Alton Williams was known to escalate his demands. Alton Williams' direct supervisor knew about Alton Williams' racket and described him as a "hothead."

8.

Despite the Ace's knowledge of these prior incidents and Alton Williams' aggressive personality, the Ace continued to employ him, allowing him to interact with potentially hundreds of hotel patrons every day.

9.

Specifically, on December 4, 2021 the Ace Hotel's disregard for the safety of its patrons left Alton Williams in charge of the valet stand, in prime position to continue to shakedown patrons for cash, and aggressively confront those who refused to pay.

10.

If the Ace Hotel had appropriately responded to Alton Williams' prior behavior by terminating his employment, reprimanding him, or reassigning him, Alton Williams would not have been able to improperly demand cash payments from the Plaintiffs that night, and Plaintiffs would not have endured Alton Williams' brazen armed robbery attempt or its aftermath. Moreover, Alton Williams would be alive today.

2022-01459

Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 8 of 19

FILED
2022 FEB 17 P 05:00

L

Section 6

CIVIL
DISTRICT COURT

**11.**

This lawsuit seeks to hold the Ace Hotel accountable for its disregard for Plaintiffs' safety and the damages such disregard has caused.

## PARTIES

**12.**

Made plaintiff herein is Lavanzel Kerr (referred to herein as "Mr. Kerr"), a Louisiana resident of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana.

**13.**

Also made plaintiff herein is Eric Williams (referred to herein as "Eric Williams," or collectively with Mr. Kerr as "Plaintiffs"), a Louisiana resident of the full age of majority domiciled in the Parish of Orleans, State of Louisiana.

**14.**

Made defendant herein is Ace Hotel New Orleans, LLC ("Ace Hotel"), a limited liability company domiciled in Orleans Parish, Louisiana. At all times relevant to this suit, Ace Hotel owned and/or operated the Ace Hotel located at 600 Carondelet Street in New Orleans.

**15.**

Made defendant herein is ABC Insurance Company, an insurance company authorized to do and doing business in the State of Louisiana, which provides coverage for the Ace Hotel. ABC Insurance Company is made defendant herein pursuant to La. Rev. Stat. § 22:1269 and is liable jointly and *in solido* with any and all of its insureds.

## JURISDICTION AND VENUE

**16.**

Jurisdiction is proper in Orleans Parish, State of Louisiana pursuant to Article 2 and Article 6 of the Louisiana Code of Civil Procedure.

**17.**

Venue is proper in this court pursuant to Louisiana Code of Civil Procedure articles 74 as the offenses and/or quasi-offenses occurred and the damages were sustained in Orleans Parish.

2022-01459
Section 6
L

Case 2:22-cv-01764-NJB-MBN   Document 1-1   Filed 06/14/22   Page 9 of 19

FILED
2022 FEB 17  P 05:00
CIVIL
DISTRICT COURT

**FACTUAL ALLEGATIONS**

18.

On the evening of December 4, 2021, Plaintiffs arrived at Ace Hotel, planning to potentially spend some time at the hotel's bar and lounge area. Upon arriving at the hotel, Plaintiffs asked an Ace Hotel valet employee ("Employee A") if they could briefly park their vehicles in front of the hotel (i.e., for less than 20 minutes) without being charged, and Employee A agreed.

19.

Plaintiffs briefly visited the bar/lounge area, but decided that they did not wish to stay, so they exited the building and returned to their vehicles.

20.

Upon exiting the building, Plaintiffs moved toward the vehicles and noticed that Employee A was no longer present in the valet area.

21.

Instead, Alton Williams, another Ace Hotel valet employee, was manning the valet area. Alton Williams confronted Plaintiffs as they moved to their cars and stated "You owe me $30 bucks."

22.

Plaintiffs explained that Employee A gave them permission to briefly park in front of the hotel, but Alton Williams became angry and continued to demand that Plaintiffs each pay him $30. Alton Williams told Plaintiffs that they could not leave until they paid him what he demanded.

23.

Plaintiffs told Alton Williams they did not owe him anything and continued to return to their vehicles.

24.

As Plaintiffs moved to and entered their vehicles, Alton Williams quickly walked down Carondelet Street to a parked vehicle, where he retrieved a firearm.

25.

Before Plaintiffs could depart, Alton Williams returned to Plaintiffs' vehicles with the firearm visibly tucked in his front waistband. Alton Williams pulled the firearm from his waistband with his right hand as he walked.

4

2022-01459

L

Section 6

Case 2:22-cv-01764-NJB-MBN   Document 1-1   Filed 06/14/22   Page 10 of 19

FILED
2022 FEB 17  P 05:00
CIVIL
DISTRICT COURT

**26.**

With his index finger on the trigger, Alton Williams then reached into Mr. Kerr's vehicle and put the gun against Mr. Kerr's head. Mr. Kerr was seated in the driver's seat of his vehicle.

**27.**

With the gun pressed against Mr. Kerr's head, Alton Williams then demanded $50 from Mr. Kerr, and pointed the firearm at Eric Williams and told him, "Don't leave."

**28.**

Mr. Kerr and Eric Williams both pleaded with Alton Williams to calm down to no avail. Mr. Kerr told Alton Williams that he did not have $50 cash, to which Alton Williams demanded that Mr. Kerr give him "whatever is in your pockets," and told Mr. Kerr, "I'm going to pistol whip you, you punk-ass bitch… I should kill you…"

**29.**

Mr. Kerr told Eric Williams to pay Alton Williams what he wanted, but Alton Williams still refused to calm down.

**30.**

Alton Williams repeatedly struck Mr. Kerr with his firearm during this interaction, with force ranging from a bump or a nudge to more forcible blows.

**31.**

Mr. Kerr tried to remain still and calm even though Alton Williams continued to strike him with the firearm.

**32.**

Alton Williams then told Mr. Kerr, "I will kill you if I don't get my money in three seconds," to which Mr. Kerr again pleaded with Alton Williams to calm down.

**33.**

Mr. Kerr feared for his life because of Alton Williams' unrelenting rage, threats to kill Mr. Kerr, and repeated blows to Mr. Kerr's head with his gun.

**34.**

Then, Alton Williams pulled on the door handle of Mr. Kerr's vehicle, trying to open the door while continuing to point the gun at Mr. Kerr's head.

2022-01459 Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 11 of 19
FILED
2022 FEB 17 P 05:00
CIVIL
DISTRICT COURT
L
Section 6

35.

Mr. Kerr was certain that Alton Williams would shoot him or further injure him by striking him again with the gun. So, Mr. Kerr armed himself with a firearm that his wife kept in the car.

36.

Mr. Kerr drew the firearm and fired it at Alton Williams, wounding him.

37.

Alton Williams fell to the ground. Mr. Kerr exited his vehicle and told Eric Williams to call 911. Mr. Kerr also immediately dialed 911. Both were placed on hold.

38.

A passerby began to administer CPR on Alton Williams, with Mr. Kerr's assistance. Mr. Kerr also administered CPR on Alton Williams.

39.

Alton Williams died from his injuries.

40.

Plaintiffs were taken to the police station, questioned, and released after several hours.

41.

Neither Plaintiff committed any wrongdoing related to this incident as neither Plaintiff was the aggressor of the incident, and any action taken was in self-defense.

42.

Prior to this incident, the Ace Hotel was aware of two occasions wherein Alton Williams improperly demanded cash payments from those parking their vehicle on the street in front of the hotel.

43.

In one such incident, Alton Williams demanded that a friend of a valet supervisor pay him cash for briefly parking in front of the hotel.

44.

The amount Alton Williams demanded from the woman was greater than the posted valet parking rate, and Alton Williams demanded this sum in cash even though valet parking at the Ace Hotel is cashless.

2022-01459
Case 2:22-cv-01764-NJB-MBN   Document 1-1   Filed 06/14/22   Page 12 of 19
FILED
2022 FEB 17  P 05:00
CIVIL
DISTRICT COURT
L
Section 6

**45.**

The woman refused to pay. When Alton Williams discovered that the woman was a friend of a valet supervisor, Alton Williams demanded a cash payment from the valet supervisor in a text message.

**46.**

The valet supervisor also refused to pay Alton Williams.

**47.**

From this experience and others, the valet supervisor knew that Alton Williams was aggressively demanding cash payments from parkers and doing so in a manner outside of the Ace Hotel's stated policies and procedures.

**48.**

In a separate incident, Alton Williams demanded a cash payment from an Ace Hotel employee who parked her car on the street on her way into work.

**49.**

The employee refused to pay Alton Williams and reported this demand to Ace Hotel management and/or the valet supervisor.

**50.**

Alton Williams' supervisor also knew that Alton Williams had an aggressive nature, describing him as a "hothead."

**51.**

Despite its clear understanding that Alton Williams was aggressively confronting patrons and others for cash payments in his role at the Ace, the Ace Hotel continued to employ Alton Williams as a valet attendant, permitting him to exercise authority over the valet parking services at the Ace, and to demand payment for those services

**52.**

In doing so, the Ace Hotel knowingly exposed its visitors to an individual it knew was aggressive and potentially violent.

**53.**

After the adrenaline associated with a life-or-death incident wore off, Plaintiffs immediately began to feel psychological trauma from the incident.

7

2022-01459
L
Section 6

Case 2:22-cv-01764-NJB-MBN   Document 1-1   Filed 06/14/22   Page 13 of 19

FILED
2022 FEB 17  P 05:00
CIVIL
DISTRICT COURT

54.

As the Plaintiffs were victims of Alton Williams' attempted armed robbery, during which he also battered Mr. Kerr, the Plaintiffs have experienced and continue to experience the kinds of post-incident distress commonly observed in victims of violent crime.

55.

Additionally, Mr. Kerr was diagnosed with and received treatment for a concussion he sustained from the blows inflicted by Alton Williams' firearm.

56.

Moreover, Plaintiffs have experienced and continue to experience another form of traumatic distress: the distress associated with surviving a traumatic incident wherein the assailant was killed.

57.

Specifically, Mr. Kerr has experienced extensive distress because (1) he was forced to defend himself in a manner that led to his assailant's death, (2) he administered CPR to the dying man in an attempt to save his life, and (3) the assailant died despite Mr. Kerr's efforts to save him.

58.

Eric Williams has also suffered extensive distress as a result of (1) witnessing the assailant's shooting, and (2) attempting to summon help for the dying man to no avail.

59.

Neither Plaintiff had any intention of hurting anyone on the evening of December 4, 2021, and struggle to understand how a seemingly innocent evening devolved into an armed robbery at the hands of a hotel employee wherein Mr. Kerr was forced to defend himself.

60.

Further, Plaintiffs have experienced significant distress because of the threat of retribution from Alton Williams' associates and sympathizers.

61.

After the incident, Mr. Kerr's identity was quickly discovered on social media, and Mr. Kerr began receiving threats on his life. Since that time, Mr. Kerr has received many threats on his life from, upon information and belief, Alton Williams' former associates who have conveyed these threats on social media and in person.

8

2022-01459
L
Section 6

Case 2:22-cv-01764-NJB-MBN   Document 1-1   Filed 06/14/22   Page 14 of 19

FILED
2022 FEB 17   P 05:00

CIVIL
DISTRICT COURT

**62.**

Mr. Kerr has been threatened both at his home and at a business he partially owns.

**63.**

In one incident, an individual who, upon information and belief, was an associate of Alton Williams came to Mr. Kerr's business asking to speak with him. Later that night, several individuals who, upon information and belief, were also associates of Alton Williams, fired shots at Mr. Kerr's business.

**64.**

In light of these incidents at the business, several staff members resigned and the business' landlord contacted Mr. Kerr to inform him that the business' lease would not be renewed.

**65.**

In another incident, two men in black masks who, upon information and belief, were associates of Alton Williams, visited a home they suspected of being Mr. Kerr's residence and demanded that Mr. Kerr come outside. After receiving no response, the two men waited for Mr. Kerr outside the residence for hours.

**66.**

Understandably, Mr. Kerr fears for his safety so he avoids leaving his home.

**67.**

In light of these threats on his life and the damage to his livelihood, Mr. Kerr is in the process of relocating out-of-state.

**68.**

Eric Williams also fears for his safety as he was with Mr. Kerr on the evening Alton Williams was killed. Because of this fear, Eric Williams has also avoided going out in public.

**69.**

Plaintiffs bring this suit to hold the Ace Hotel accountable for the dangerous situation it created, and the damages it has caused.

### COUNT I: NEGLIGENCE
AGAINST ALL DEFENDANTS

**70.**

Plaintiffs adopt, re-allege, and incorporate the preceding allegations of the Petition, as if copied herein *in extenso*.

9

E-Filed

Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 15 of 19

2022-01459
L
Section 6

FILED
2022 FEB 17 P 05:00
CIVIL
DISTRICT COURT

71.

Defendant Ace Hotel owes a duty to its patrons to adequately hire, train, supervise, and instruct its employees and agents working at its hotel to (1) not provoke confrontations with patrons, (2) not demand money that is not owed to the business, (3) not to use force or weapons against patrons, (4) not to unlawfully detain patrons, and (5) not to injure patrons.

72.

These duties were breached by the Ace Hotel because, upon information and belief, Alton Williams was not adequately hired, trained, supervised, and instructed to (1) not provoke confrontations with patrons, (2) not demand money that is not owed to the business, (3) not to use force or weapons against patrons, (4) not to unlawfully detain patrons, and (5) not to injure patrons.

73.

Because the Ace Hotel breached these duties by failing to adequately hire, train, supervise, and instruct Alton Williams for his duties, Alton Williams performed his duties as a valet in a manner wherein he (1) provoked a confrontation with Plaintiffs, (2) demanded money that was not owed to the business, (3) used force or weapons against Plaintiffs, (4) unlawfully detained patrons with a firearm, and (5) injured Plaintiffs.

74.

The Ace Hotel's negligence was the cause-in-fact and legal cause of Plaintiffs' injuries because Alton Williams would not have been in a position to (1) provoke a confrontation with Plaintiffs, (2) demand money that was not owed to the business, (3) use force or weapons against Plaintiffs, (4) unlawfully detain patrons with a firearm, or (5) injure Plaintiffs absent the Ace Hotel's negligence.

75.

Because of the Ace Hotel's negligence, Plaintiff Mr. Kerr suffered significant injuries to his head (including a concussion); Plaintiffs have suffered emotional distress; Plaintiffs have suffered economic damages, and Plaintiffs have suffered other compensable injuries.

76.

Accordingly, Plaintiffs are entitled to judgment in its favor against Defendant Ace Hotel and its insurers, compensatory, consequential and general damages in an amount to be proven at trial, and/or all other relief available under law and appropriate in these circumstances.

10


2022-01459
Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 16 of 19
FILED
2022 FEB 17 P 05:00
CIVIL
DISTRICT COURT

**L**
Section 6

**COUNT II: BATTERY**
AGAINST ALL DEFENDANTS

77.

Plaintiffs adopt, re-allege, and incorporate the preceding allegations of the Petition, as if copied herein *in extenso*.

78.

Alton Williams intended to make and made non-consensual contact with Plaintiff Mr. Kerr when he pressed a firearm against his head, and struck him with it.

79.

Alton Williams' actions caused Plaintiff Mr. Kerr significant injuries to his head (including a concussion), severe emotional distress; economic losses; and other compensable injuries.

80.

Defendants are vicariously liable for Alton Williams' actions pursuant to La. Civ. Code art. 2320.

81.

Accordingly, Plaintiff Mr. Kerr is entitled to judgment in his favor against Defendants, compensatory, consequential, and general damages in an amount to be proven at trial, and/or all other relief available under law and appropriate in these circumstances.

**COUNT III: ASSAULT**
AGAINST ALL DEFENDANTS

82.

Plaintiffs adopt, re-allege, and incorporate the preceding allegations of the Petition, as if copied herein *in extenso*.

83.

Alton Williams approached Plaintiffs with a firearm, pointing it at both of them, demanding money, and vowing to shoot and/or pistol whip them.

84.

Alton Williams' actions caused Plaintiffs to fear that Alton Williams would make harmful or offensive contact with them. Specifically, Plaintiffs feared that Alton Williams would pistol whip or shoot them as he expressed.

11

2022-01459
Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 17 of 19
FILED
2022 FEB 17 P 05:00
CIVIL
DISTRICT COURT
L
Section 6

85.

Alton Williams' actions caused Plaintiff Mr. Kerr to suffer significant injuries to his head (including a concussion); Plaintiffs have suffered emotional distress; Plaintiffs have suffered economic damages, and Plaintiffs have suffered other compensable injuries.

86.

Defendants are vicariously liable for Alton Williams' actions pursuant to La. Civ. Code art. 2320.

87.

Accordingly, Plaintiffs are entitled to judgment in their favor against Defendants, compensatory, consequential, and general damages in an amount to be proven at trial, and/or all other relief available under law and appropriate in these circumstances.

### COUNT IV: FALSE IMPRISONMENT
### AGAINST ALL DEFENDANTS

88.

Plaintiffs adopt, re-allege, and incorporate the preceding allegations of the Petition, as if copied herein *in extenso*.

89.

Alton Williams restricted Plaintiffs movement when he told them that they could not leave the hotel, armed himself with a firearm, pointed it at both of them, demanded money, and vowed to shoot and/or pistol whip them if he did not receive the money he demanded.

90.

Plaintiffs were aware of these restrictions as they happened.

91.

Alton Williams had no authority to restrict Plaintiffs' movement.

92.

Alton Williams' actions caused Plaintiff Mr. Kerr to suffer significant injuries to his head (including a concussion); Plaintiffs have suffered emotional distress; Plaintiffs have suffered economic damages, and Plaintiffs have suffered other compensable injuries.

2022-01459

Case 2:22-cv-01764-NJB-MBN  Document 1-1  Filed 06/14/22  Page 18 of 19

FILED
2022 FEB 17  P 05:00

L
Section 6

CIVIL
DISTRICT COURT

**93.**

Defendants are vicariously liable for Alton Williams' actions pursuant to La. Civ. Code art. 2320.

**94.**

Accordingly, Plaintiffs are entitled to judgment in their favor against Defendants, compensatory, consequential and general damages in an amount to be proven at trial, and/or all other relief available under law and appropriate in these circumstances.

### DAMAGES

**95.**

Plaintiffs seek damages for the following as a direct and proximate result of the actions or omissions of defendants:

a) Past, present and future medical expenses;

b) Past, present and future physical pain and suffering and loss of function;

c) Past, present and future mental anguish and emotional distress;

d) Lost wages and diminished earning capacity;

e) Loss of enjoyment of life;

f) Special care and services; and

g) Other such damages as will be shown through discovery and/or at trial of this matter.

**96.**

Plaintiffs pray for all reasonable damages arising from the defendants' conduct.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that, after due proceedings, this Court enter judgment in their favor and against Defendants jointly, severally and in solido; and that Plaintiffs be compensated for all damages caused by defendants; along with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all

13

2022-01459
Case 2:22-cv-01764-NJB-MBN Document 1-1 Filed 06/14/22 Page 19 of 19
FILED
2022 FEB 17 P 05:00
CIVIL
DISTRICT COURT

L
Section 6

general and equitable relief, including all other forms of recoverable interest, fees, and costs; and for all other relief appropriate under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable pursuant to La. Code Civ. Proc. Art. 1733.

Respectfully submitted:

*/s/ Jacob K. Weixler*
Jacob K. Weixler, 36076
WEIXLER LAW LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
1926 Washington Ave.
New Orleans, Louisiana 70113-1730
Tel:  (504) 408-2180
Fax:  (504) 814-1728
jkw@weixlerlaw.com


*/s/ Thomas W. Shlosman*
Thomas W. Shlosman (Bar No. 34086)
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
(504) 826-9427 Phone
(504) 324-0431 Fax
tom@shlosmanlaw.com

*Counsel for Lavanzel Kerr and Eric Williams*


**PLEASE SERVE CITATION AND PETITION UPON:**
Ace Hotel New Orleans LLC
By and through its registered agent:
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**WITHHOLD SERVICE FOR:**

ABC Insurance Co.

14

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA