## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LAVANZEL KERR, et al.**                                 **CIVIL ACTION**

**VERSUS**                                                **NO. 22-1764**

**ACE HOTEL NEW ORLEANS, LLC, et al.**                    **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Defendant Ace Hotel New Orleans, LLC's ("Ace Hotel") Motion for Summary Judgment.[1] Ace Hotel seeks summary judgment in its favor, dismissing all claims asserted by Plaintiff Lavanzel Kerr ("Kerr").[2] Ace Hotel argues that Kerr's claims for monetary damages are barred under Louisiana Revised Statute § 9:2800.10 since Kerr committed a felony at the time of the underlying incident which gave rise to the instant suit.[3] Alternatively, Ace Hotel argues that the Court should dismiss Kerr's claims because he has refused to participate in any pre-trial discovery and prevented Act Hotel from developing important evidence needed to prepare its defense.[4] In opposition, Kerr contends that there are genuine issues in dispute as to the incident in question, and a motion for summary judgment is not the proper vehicle to address non-compliance with discovery.[5] Considering the record, the applicable law, the motion, the opposition, and reply memorandum, the Court denies the motion.

---

[1] Rec. Doc. 31.

[2] *Id.*

[3] *Id.* at 1.

[4] *Id.*

[5] Rec. Doc. 35.

## I. Background

On December 4, 2021, Plaintiffs Lavanzel Kerr and Eric Williams (collectively, "Plaintiffs") allegedly arrived at the Ace Hotel and received permission from an Ace Hotel valet to briefly park their vehicles in front of the hotel without being charged while they stepped inside to assess whether they wanted to stay.[6] Plaintiffs briefly visited the lounge area inside the Ace Hotel, but decided they did not wish to stay.[7] At that time, it is alleged that Alton Williams, a different Ace Hotel valet, approached Plaintiffs and demanded that they each pay him $30 in cash, which Plaintiffs declined.[8] A heated altercation ensued between Plaintiffs and Alton Williams, which led to Kerr striking Alton Williams.[9] Plaintiffs got in their vehicles, and Alton Williams allegedly approached Kerr's door holding a handgun, threatened to shoot, and struck Kerr with his handgun.[10] Kerr then armed himself with a firearm and shot Alton Williams.[11] Alton Williams died as a result of this event.[12]

On February 11, 2022, Kerr was indicted in the Eastern District of Louisiana for one count of possession of a firearm by a convicted felon, in violation of violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).[13] This charge related to Kerr's possession of a firearm at the Ace Hotel on

---

[6] Rec. Doc. 1-1 at 6.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 31-1 at 3; Rec. Doc. 35 at 3.

[10] Rec. Doc. 1-1 at 6.

[11] *Id.* at 7.

[12] *Id.*

[13] *See* Criminal Action No. 22-28, Rec. Doc. 1 (Indictment).

December 4, 2021.[14] The criminal case was randomly allotted to another judge in the Eastern District of Louisiana. On October 12, 2023, Kerr pled guilty as charged.[15] Kerr is currently incarcerated, and his sentencing hearing was set for January 18, 2024.[16] On January 18, 2024, Kerr was sentenced to 37 months in prison.

On February 17, 2022, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans asserting claims for negligence, battery, assault, and false imprisonment.[17] On June 14, 2022, Ace Hotel removed the matter to this Court.[18] On November 22, 2023, Ace Hotel filed the instant Motion for Summary Judgment.[19] On December 19, 2023, Kerr filed an opposition to the motion.[20] On December 22, 2023, Act Hotel filed a reply memorandum.[21]

## II. Parties' Arguments

### A.    Ace Hotel's Arguments in Support of the Motion

Ace Hotel argues that pursuant to Louisiana Revised Statute § 9:2800.10, Kerr's claims for monetary damages are barred because Kerr was convicted of being a felon in possession of a firearm in relation to the December 4, 2021 incident, which is a felony charge.[22] Ace Hotel contends that Kerr's injuries do not fall within the "excessive force" exception set out in Louisiana

---

[14] *See* Criminal Action No. 22-28, Rec. Doc. 45 (Factual Basis). The factual basis states that officers arrived at the Ace Hotel on Sunday, December 5, 2021, at approximately 12:03 a.m. *Id.*

[15] Rec. Doc. 31-6; Criminal Action No. 22-28, Rec. Doc. 45 (Factual Basis).

[16] Rec. Doc. 31-4; Criminal Action No. 22-28, Rec. Doc. 46 (Notice of Hearing).

[17] Rec. Doc. 1-1.

[18] Rec. Doc. 1.

[19] Rec. Doc. 31.

[20] Rec. Doc. 35.

[21] Rec. Doc. 39.

[22] Rec. Doc. 31 at 1; *Id.* at 6.

3

Revised Statute § 9:2800.10 because Alton Williams, a non-governmental actor, "did not have the right to use any force."[23]

Alternatively, Ace Hotel avers that summary judgment should be granted due to Kerr's refusal to participate in pre-trial discovery.[24] Ace Hotel contends that on November 3, 2022, the Magistrate Judge granted Ace Hotel's Motion to Compel and ordered Kerr to provide responses to Ace Hotel's written discovery requests, which have not been completed by Kerr to date.[25] Ace Hotel argues that Kerr's incarceration should not prevent him from responding to discovery or submitting to a deposition.[26] Ace Hotel contends that Kerr's refusal to participate in discovery has prevented Ace Hotel from developing evidence needed to prepare its defense, which further supports dismissal.[27]

### B.    Kerr's Arguments in Opposition to the Motion

In opposition, Kerr argues that Ace Hotel has failed to cite any jurisprudence, outside of case law involving state actors or governmental entities and excessive force claims, to support its request for immunity.[28] Kerr states that Louisiana courts have rarely interpreted Louisiana Revised Statute § 9:2800.10 since its effective date.[29] Kerr argues that he has not been charged, convicted, or pled guilty to criminal offenses involving the killing of Alton Williams.[30] Kerr contends that it

---

[23] Rec. Doc. 31-1 at 6.

[24] *Id.* at 7.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 35 at 2.

[29] *Id.*

[30] *Id.*

is not unlawful for a convicted felon to possess a firearm when the felon is in imminent peril of great bodily harm or reasonable danger.[31] Kerr avers there is a genuine issue of material fact as to whom was the aggressor in the altercation, and whether Kerr was in threat of losing his life or sustaining great bodily harm.[32]

Kerr argues that for the subject statute to apply, there must be some nexus between the injury sustained and the commission of a felony offense.[33] Kerr contends that his injuries did not occur while Kerr temporarily possessed a firearm to defend himself against Alton Williams; rather, the injuries occurred while Alton Williams attempted to rob Plaintiffs.[34] Kerr avers that the Court should not focus solely on the justified shooting of Williams.[35]

Kerr argues that while Ace Hotel asserts that Kerr's claims should be dismissed as Kerr has allegedly failed to participate in discovery, a motion for summary judgment is not the appropriate procedural vehicle to address any alleged non-participation to discovery.[36]

### C.    Ace Hotel's Arguments in Further Support of the Motion

Ace Hotel argues that the stipulated factual basis for Kerr's guilty plea directly undermines Kerr's factual allegations in this case and definitively establishes that he engaged in felonious conduct at the time of the incident.[37] Ace Hotel contends that there is no basis for Kerr's argument that Louisiana Revised Statute § 9:2800.10 only applies to state actors, governmental entities, and

---

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 4.

[36] *Id.*

[37] Rec. Doc. 39 at 1.

excessive force claims.[38] Ace Hotel asserts that the Louisiana Supreme Court and the Louisiana First Circuit Court of Appeal applied Louisiana Revised Statute § 9:2800.10 to felonious conduct committed by non-state and non-governmental actors.[39]

Ace Hotel argues Kerr's representation that "he has not been charged, convicted, or pled guilty to any criminal offenses involving the killing of Alton Williams" is false since Kerr was charged with and pled guilty to offenses arising from the possession and use of the firearm that killed Alton Williams.[40] Ace Hotel contends that any defenses Kerr has to the charges brought against him should have been made during his federal criminal case.[41] Ace Hotel asserts that Kerr's guilty plea is dispositive of any questions as to whether he committed a felony at the time of the incident.[42] Ace Hotel contends that Kerr's argument that "there must be some nexus between the injuries sustained and the commission of a felony offense" is legally baseless.[43]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[44] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations

---

[38] *Id.* at 2.

[39] *Id.*

[40] *Id.* at 3.

[41] *Id.*

[42] *Id.* at 4.

[43] *Id.*

[44] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

or weighing the evidence."[45] All reasonable inferences are drawn in favor of the nonmoving party.[46] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[47] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[48] The nonmoving party may not rest upon the pleadings.[49] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[50]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[51] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[52] If the moving party satisfies its initial burden, the burden shifts to

---

[45] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

[46] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[47] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[48] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.*, 391 U.S. 253, 289 (1968)).

[49] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[50] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[51] *Celotex Corp.*, 477 U.S. at 323.

[52] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[53] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[54]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[55] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[56]

## IV. Analysis

### A.    La. Rev. Stat. § 9:2800.10

Ace Hotel argues that pursuant to Louisiana Revised Statute § 9:2800.10, Kerr's claims should be dismissed with prejudice because Kerr committed a felony at the time of the underlying incident.[57] Louisiana Revised Statute § 9:2800.10 states:

> *Immunity from liability for injuries sustained while committing a felony offense*
>
> A.  No person shall be liable for damages for injury, death, or loss sustained by a perpetrator of a felony offense during the commission of the offense or while fleeing the scene of the offense.
>
> B.  The provisions of this Section shall apply regardless of whether the injury, death, or loss was caused by an intentional or unintentional act or omission or a condition of property or a building.  However, the provisions of this Section shall not apply if injury to or death of a perpetrator results from an intentional act involving the use of excessive force.

---

[53] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[54] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[55] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[56] *Morris*, 144 F.3d at 380.

[57] Rec. Doc. 31 at 1.

8

C. For purposes of this Section "damages" includes all general and special damages which may be recoverable for personal injury, death, or loss of or damage to property, including those otherwise recoverable in a survival or wrongful death action.

It is undisputed that Kerr pled guilty to a felony offense in relation to the incident that took place at the Ace Hotel on December 4, 2021. This same incident is referred to in the Complaint and is the basis for Kerr's claims against Ace Hotel.[58] Kerr argues that Louisiana Revised Statute § 9:2800.10 is inapplicable since Kerr was not charged with the murder of Alton Williams; rather, Kerr was charged with being a felon in possession of a firearm. However, it is irrelevant which felony Kerr was charged with or whether Kerr's actions were justified. The explicit language of the statute is clear, "[n]o person shall be liable for damages for injury, death, or loss sustained by a perpetrator of a felony offense during the commission of the offense."[59] While Kerr was not charged with or convicted of murdering Alton Williams, Kerr's possession of the firearm is connected to the same occurrence upon which Kerr bases his claims. "A person cannot maintain an action if, in order to establish his cause of action, he must rely in whole or in part, on any illegal or immoral act or transaction to which he is a party."[60] As such, it appears that Louisiana Revised Statute § 9:2800.10 is applicable and Ace Hotel should be immune from liability.

However, the statute does contain an "excessive force" exception, which provides, "the provisions of this Section shall not apply if injury to or death of a perpetrator results from an

---

[58] *See generally* Rec. Doc. 1.

[59] La. Rev. Stat. § 9:2800.10 (A).

[60] *Guillie v. Comprehensive Addiction Programs, Inc.,* 98-2605 (La. App. 4 Cir. 4/21/99), 735 So. 2d 775, 779 (citing *Orzel v. Scott Drug Company,* 449 Mich. 550, 557, 537 N.W.2d 208, 212 (1995)).

intentional act involving the use of excessive force."[61] There is very little authority for the application of this exception. The Louisiana Supreme Court addressed this excessive force exception in *Taylor v. City of Leesville*.[62] In *Taylor*, the trial court found that the plaintiff committed a felony at the time she was assaulted and raped by inmates.[63] The Louisiana Supreme Court found that while the defendants were entitled to immunity under La. Rev. Stat. § 9:2800.10(A), the "excessive force" exception did not apply.[64] The court reasoned that for a use of force to constitute "excessive force," the actor must first have the right to use reasonable force under the circumstances.[65] The court held that the inmates did not have the right to use any force in committing a rape.[66]

Conversely, Ace Hotel alleges that Kerr assaulted Alton Williams first. "Only after Mr. Kerr punched [Alton Williams] in the face did Alton Williams go to his vehicle and retrieve a handgun."[67] In opposition, Kerr admits to striking Alton Williams "to thwart a theft attempt by Williams."[68] The video surveillance footage on the night in question also shows that Kerr punched Alton Williams shortly before Alton Williams went to his vehicle to retrieve a handgun.[69]

The Court is now faced with questions of law and fact. As stated above, there is very little jurisprudence applying Louisiana Revised Statute § 9:2800.10. Additionally, considering that Kerr

---

[61] La. Rev. Stat. § 9:2800.10 (B).

[62] 2012-1162 (La. 10/8/2012), 99 So. 3d 16.

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] *Id.*

[67] Rec. Doc. 31-1 at 3.

[68] Rec. Doc. 35.

[69] *See* Criminal Action No. 22-28, Rec. Doc. 45 (Factual Basis).

punched Alton Williams first, there is a genuine issue of material fact as to whether Alton Williams had the right to use reasonable force under these circumstances, and thus, whether the "excessive force" exception applies. Summary judgment should be granted only where there is a question of law to be decided and there is no issue of fact to be tried.[70] Where a decision of a question of law by the court depends on an inquiry into the surrounding facts and circumstances, the court should refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently developed to enable the court to be reasonably certain that it is making a correct determination of the question of law.[71] To that end, granting summary judgment on these issues would be inappropriate.

**B.    *Non-Participation in Discovery***

Alternatively, Ace Hotel argues that Kerr's action should be dismissed since Kerr has failed to participate in discovery efforts.[72] Ace Hotel argues that Kerr's incarceration should not have prevented him from responding to discovery or submitting to a deposition.[73] In opposition, Plaintiffs Kerr argues that a motion for summary judgment is not the proper vehicle to address non-participation in discovery.[74]

Ace Hotel relies on *Butler v. Cloud,*[75] in support of its argument. However, this matter is distinct from *Butler*. The plaintiff in *Butler* intentionally refused to respond to interrogatories after

---

[70] *Shahid v. Gulf Power Co.,* 291 F.2d 422 (5th Cir. 1961).

[71] *N. L. R. B. v. Smith Industries, Inc.,* 403 F.2d 889 (5th Cir. 1968).

[72] Rec. Doc. 31 at 1.

[73] Rec. Doc. 31-1 at 7.

[74] Rec. Doc. 35 at 4.

[75] 104 Fed. Appx. 373 (5th Cir. 2004).

he was warned several times by the court that his actions would result in dismissal.[76] Conversely, Kerr is involuntarily unable to fully participate in discovery efforts due to his incarceration. This Court is aware of Kerr's incarceration and considered it in granting a Motion to Continue Trial filed by Plaintiffs.[77] For these reasons, the Court rejects Ace Hotel's argument.

### V. Conclusion

For the reasons stated herein, the Court finds that genuine issues of material fact remain as to whether Alton Williams had the right to use reasonable force during the December 4, 2021 incident, and whether the "excessive force" exception[78] applies. The Court rejects Ace Hotel's argument that Kerr's claims should be dismissed for non-participation in discovery since Kerr is involuntarily incarcerated. Accordingly,

**IT IS HEREBY ORDERED** that Ace Hotel's Motion for Summary Judgment is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __1st__ day of May, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[76] *Id.* at 374–75.

[77] Rec. Doc. 32.

[78] La. Rev. Stat. § 9:2800.10 (B).